UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE: DELISA KAY BROWN )
      Debtor. )
 )
 )
CHRISTINE JONES, )
      Appellant, )    1:10-cv-00965-RLY-MJD
 )
vs. )
 )
DELISA KAY BROWN, )
      Appellee.

**ENTRY ON APPELLANT'S APPEAL TO THE DISTRICT COURT FOR RELIEF FROM THE ORDER OF THE BANKRUPTCY COURT DENYING LEAVE TO FILE A BELATED ADVERSARY COMPLAINT**

    Appellant and creditor, Christine Jones ("Jones"), moves for leave to appeal the bankruptcy court's order denying leave to file a belated adversary complaint against Appellee, and sole debtor, Delisa Kay Brown ("Brown"). Jones' counsel ("Counsel") claims that his failure to file a timely adversary complaint due to a calendaring error constitutes excusable neglect; therefore, the bankruptcy court abused its discretion in failing to grant relief. Because the bankruptcy court's order is final, this appeal may be heard pursuant to 28 U.S.C. § 158(a)(1) without requesting leave of the court. *See* 28 U.S.C. § 158(a)(1) (district courts have jurisdiction to hear appeals from final judgments, orders, and decrees). The merits of the appeal have been fully briefed; therefore, the court treats this Motion for Leave to Appeal as a Notice of Appeal. For the reasons set

1

forth below, the bankruptcy court's order denying leave to file a belated adversary complaint is **AFFIRMED**.

I.  Background

In Brown's bankruptcy proceeding, May 10, 2010, was the deadline for filing an adversary complaint, which is a complaint objecting to the dischargeability of a debt, or an extension of time for filing a complaint. (Jones' Ex. 4, Bankruptcy Court Order of June 21, 2010 ("Bankruptcy Order"), at 1). Jones filed a motion for leave to file a belated adversary complaint on May 18, 2010, five business days after the deadline. (Jones' Ex. 3, Bankruptcy Court Notice of Electronic Filing ("Notice"), at 1). The court held a hearing on the motion on June 8, 2010. (Jones' Ex. 5, Bankruptcy Court Transcript of Hearing on Jones' Motion ("Transcript"), at 1).

At that hearing, Counsel admitted the mistake was due to a calendaring error. (*Id.* at 2:22-25). Counsel noted that the overwhelming majority of his 30,000 files, up to a third of which involve bankruptcies, do not require filing an adversary complaint. (*Id.* at 5:20-22). Also, an adversary complaint is typically due the same day as, rather than before, the filing of a claim. (*Id.* at 5:22-6:2). For these reasons, Counsel overlooked the fact that the adversary complaint was due on May 10, 2010, rather than on June 8, 2010, which was the deadline for filing a claim. (Motion Brief at 2). Counsel claimed that this error constituted excusable neglect under Bankruptcy Rule 9006(b)(1)(2). (Transcript at 3:18-19).

The bankruptcy court disagreed, finding that the evidence did not establish

excusable neglect. (Bankruptcy Order at 2). The bankruptcy court noted that Jones, by way of her Counsel, filed a claim on March 31, 2010, indicating that both were aware of the proceedings. (*Id.*) Counsel's high volume of cases was declared to be no excuse for a missed deadline. (*Id.*) Moreover, the sixty-day period for filing an adversary complaint is similar to a statute of limitations and thus a firm deadline. (Transcript at 6:4-6). Accordingly, the bankruptcy court denied Jones' Motion for Leave to File a Belated Complaint ("Motion"). (Bankruptcy Order at 2).

Jones now appeals the bankruptcy court's denial of her Motion, claiming that the bankruptcy court abused its discretion. Brown contends that the bankruptcy court's findings are neither clearly erroneous nor an abuse of discretion.

## II. Bankruptcy Appeal Standard

When a party appeals a bankruptcy court's decision under 28 U.S.C. § 158(a), district courts review a bankruptcy court's factual findings for clear error, and legal conclusions and the legal significance accorded to facts *de novo*. *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010); *Matter of Sheridan*, 57 F.3d 627, 633 (7th Cir. 1995). Clear error is an extremely deferential standard of review. *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (citations omitted). A finding is clearly erroneous when although evidence supports it, the district court is left "'with the definite and firm conviction that a mistake has been committed.'" *Matter of Sheridan*, 57 F.3d at 633 (citing *Matter of Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1987))). On the other hand, *de novo* review requires

3

an independent examination without deference to the bankruptcy court's conclusions. *Regent Comm., Inc. v. Brill*, 2010 WL 3025031, at *4 (S.D.Ind. July 30, 2010) (citing *Grochocinski v. Schlossberg*, 402 B.R. 825, 834 (N.D.Ill. 2009)).

### III. Discussion

On appeal, Jones argues that the bankruptcy court abused its discretion because missing the filing deadline constitutes excusable neglect under Bankruptcy Rule 9006(b)(1)(2); the neglect was that of Counsel, not of Jones; Brown, the debtor, would suffer no prejudice from the filing of a belated adversary complaint; and the underlying cause is meritorious.

Normally, on a motion made after the expiration of a specified period during which an act is required or allowed to be done, an enlargement of time may be granted at the court's discretion where the failure to act was the result of excusable neglect. FED. R. BANKR. P. 9006(b)(1)(2). However, the court may only enlarge the time for taking action under Bankruptcy Rule 4004(a), which governs the time for filing adversary complaints, to the extent and under the conditions stated in that Rule. FED. R. BANKR. P. 9006(b)(3). Thus, under Bankruptcy Rule 4004, a motion for extension of time to file an adversary complaint "shall be filed before the time has expired." FED. R. BANKR. P. 4004(b). Although the sixty-day time limit for filing an adversary complaint or motion for extension of time to file is not jurisdictional, the Seventh and Eleventh Circuits interpret this time requirement as a statute of limitations. *Disch v. Rasmussen*, 417 F.3d 769, 776 (7th Cir. 2005) (citing *Kontrick v. Ryan*, 540 U.S. 443, 447 (2004)); *Alabama Dept. of*

4

*Econ. and Cmty. Affairs v. Lett, Sr.*, 368 Fed.Appx. 975, 978 (11th Cir. 2010) (citing *Disch*, 417 F.3d at 776)); *see also Fisher v. Berney (In re Messina)*, 2003 WL 22271522, at *4 (Bkrtcy.N.D.Ill. Sept. 29, 2003). "Because the Rule [4004] sets forth a statute of limitations, it must be strictly construed." *Fisher*, 2003 WL 22271522, at *4 (citations omitted). Additionally, clients are responsible for the acts and omissions of their chosen counsel, including tardy filings in bankruptcy proceedings. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993).

In *Disch*, the Seventh Circuit held that the bankruptcy court did not abuse its discretion by allowing a creditor to amend his timely-filed adversary complaint. *Disch*, 417 F.3d, at 776-77. The creditor filed an adversary complaint prior to the expiration of the sixty-day deadline. *Id.* at 773. After the deadline passed, the creditor amended his adversary complaint, raising a new theory. *Id.* at 773-74. Because the deadline was akin to a statute of limitations, and because the amended complaint related back to the timely-filed original complaint, the bankruptcy court did not abuse its discretion when it permitted the creditor to amend his complaint to add a theory of recovery. *Id.* at 776-77.

On the other hand, an adversary complaint filed twenty-one months after the sixty-day deadline may not be excused, because the sixty-day time requirement is a statute of limitations that must be strictly construed. *Fisher*, 2003 WL 22271522, at *4-5. In *Fisher*, a notice sent by the clerk's office to the parties did not specify the deadline for filing adversary complaints; however, the Trustee, who was an experienced bankruptcy practitioner, was not relieved from the duty to file a complaint within the sixty-day period

5

prescribed by Bankruptcy Rule 4004(a). *Id.* at *5. The deficient notice did not excuse the sixty-day statute of limitations under Bankruptcy Rule 4004(a). *Id.*

Here, the court finds no clear error in the bankruptcy court's findings of fact. The docket shows that Jones not only failed to file a timely adversary complaint, but also failed to file a timely motion for extension of time to file an adversary complaint. (Order 1). Also, Jones' filing of a claim on March 31, 2010, indicates that she and Counsel were aware of the proceedings in advance of the May 10, 2010, deadline for filing an adversary complaint. (Order 1-2). Therefore, the bankruptcy court's findings of fact are supported by the evidence.

Reviewing conclusions of law *de novo*, this court finds that Counsel's calendaring error does not excuse the failure to file an adversary complaint or motion for extension to file such a complaint within the requisite time period. The bankruptcy court properly characterized the sixty-day time requirement as "very firm" and "very similar to the statute of limitations." (Hearing at 6:4-5). *See Disch*, 417 F.3d at 776; *Lett, Sr.*, 368 Fed.Appx. at 978; *Fisher*, 2003 WL 22271522, at *4. Unlike *Disch*, Counsel is not attempting to file an amended adversary complaint after filing a timely original complaint; rather, he is attempting to file a motion for extension of time to file the original adversary complaint after the deadline passed. *See* Order at 1. Similar to the Trustee in *Fisher*, Counsel is an experienced bankruptcy attorney and was aware of the proceedings. (Order 1-2). Just as deficient notice did not excuse the Trustee, a calendaring error does not excuse Counsel's failure to comply with the adversary

complaint deadline. *See Fisher*, 2003 WL 22271522, at *4. Although the error was committed by Counsel, Jones is responsible for Counsel's neglect of the deadline. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 396-97. Accordingly, the court finds that Jones' request for an extension of time to file an adversary complaint is time-barred.

**IV.    Conclusion**

Based on the foregoing reasons, the bankruptcy court's denial of Jones' Motion for Leave to File a Belated Complaint is **AFFIRMED**.


**SO ORDERED** this 17th day of February 2011.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana


Electronic copies to:

Keith Eirik Gifford
REDMAN LUDWIG
kgifford@batorredman.com

Howard  Howe
HOWARD HOWE, ATTORNEY AT LAW
howard@i-r.net

Copy to:

Brian D. Manning
REDMAN LUDWIG
151 North Delaware Street
Suite 1106
Indianapolis, IN 46204